UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WAYNE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA NAIL, et al.,<br><br>Defendants. | No. 2:24-cv-0744 AC P<br><br><br><br>ORDER |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) without a lawyer. He paid the filing fee.

I.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id., 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

The complaint alleges that defendants Nail, Banks, Bayar, Covello, and Allison violated plaintiff's rights under the Eighth and Fourteenth Amendments[1] as well as the ADA. ECF No. 1. Plaintiff suffers from severe hearing loss, which has led to Nail issuing him three rules violation reports (RVR) for violating Cal. Code. Regs. tit. 15, § 3041(a).[2] Id. at 4, 9, 11. Though the circumstances of the RVRs are unclear, they appear to have been caused by plaintiff's inability to hear classroom instructions. Id. at 9. Banks was the hearing officer for plaintiff's first RVR, and refused to review plaintiff's records showing that he suffered from severe hearing loss. Banks found plaintiff guilty after he told her he could not hear classroom instruction. Id. Bayar was the hearing officer for plaintiff's second RVR and acknowledged plaintiff's disability but still found

---

[1] Plaintiff alleges violations of his due process rights under both the Fifth and Fourteenth Amendments. ECF No. 1 at 4, 9, 11, 16-17. However, because defendants are state employees, the Fourteenth Amendment governs his claims. See Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

[2] Section 3041(a) provides that "[i]ncarcerated persons must perform assigned tasks diligently and conscientiously. Incarcerated persons must not pretend illness, or otherwise evade attendance or avoid performance in assigned work, education and programs, or encourage others to do so."

him guilty. Id. at 11. Covello and Allison, as warden of the prison and Secretary of the California Department of Corrections and Rehabilitation (CDCR) respectively, are responsible for the treatment of prisoners and training of custody staff and for ensuring that protocols and procedures are in place and followed. Id. at 16-17.

### III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief against the defendants. Although plaintiff has alleged facts demonstrating that he is a disabled person under the ADA, he has not sufficiently alleged the circumstances regarding his RVRs to show that they were issued and he was punished because of his disability. Just saying that the RVRs were because of a disability is not enough to state a claim for relief; the complaint must provide additional facts showing that this is so. Additionally, plaintiff cannot sue a defendant in their individual capacity under the ADA, since ADA applies to public entities, meaning the claim must be brought against a defendant in their official capacity or against the CDCR. To the extent plaintiff attempts to allege a due process claim based on his disciplinary proceedings, he has not stated a claim because he has not shown that he lost good time credits. Even if plaintiff did loose good time credits, with the exception of the first RVR in which Banks allegedly refused to consider his evidence, he has not alleged that he was denied any of the limited due process protections applicable to disciplinary proceedings. Plaintiff also has not alleged any facts demonstrating that he was subjected to cruel and unusual punishment by any defendant, since the Eighth Amendment does not protect against disciplinaries even if they are unfounded. Finally, plaintiff has not stated any claims against Covello or Allison because he has not shown that they were personally involved in the violation of his rights. They cannot be liable based solely on their positions as supervisors.

Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff may refer to the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

////

IV. <u>Legal Standards Governing Amended Complaints</u>

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. <u>Motion for Paper Filing</u>

Plaintiff has requested that he be allowed to submit paper filings in this case rather than electronic filings. ECF No. 5. While this court does have an e-filing program with the CDCR, that program only provides for e-filing of the original complaint and any other initial documents submitted at the same time as the original complaint. Once a case is opened, all other documents are to be filed using paper filings. The motion will therefore be denied as moot.

VI. <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights.

4

**Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for paper filing (ECF No. 5) is DENIED as moot.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 17, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

A. ADA and RA

Title II of the ADA applies to inmates within state prisons. Penn. Dept. of Corr. v. Yeskey, 524 U.S. 206 (1998). To state a claim for violation of Title II of the ADA, a plaintiff must allege four elements:

> (1) [H]e is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001). Claims under the ADA cannot be brought against defendants in their individual capacities because "[t]he ADA applies only to public entities." Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); 42 U.S.C. § 12131(1)(A)-(B) (defining a public entity under the ADA as any state or local government or agency of a state or local government); see also Gable v. Wash. Corr. Ctr. For Women, 857 F. App'x 918, 919 (9th Cir. 2021) (individuals not liable under Title II of the ADA).

The treatment, or lack of treatment, concerning plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)).

B. Disciplinaries

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418

1

U.S. 539, 556 (1974). Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71. A finding of guilt must also be "supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985). When a procedural error is later corrected through administrative process and the prisoner does not ultimately lose good-time credits, there is no compensable due process violation. Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015) (per curiam) (citations omitted).

"The issuance of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, No. 1:12-cv-1747 LJO DLB, 2013 WL 1820260, at *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. April 30, 2013) (citations omitted), adopted by 2013 WL 3744408, 2013 U.S. Dist. LEXIS 98595; Jones v. Prater, No. 2:10-cv-01381 JAM KJN, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff." (citation omitted)).

C.  Deliberate Indifference

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable

measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

### D.  Personal Involvement and Supervisory Liability

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### E.  Failure to Train or Supervise

"[T]he inadequacy of . . . training may serve as a basis for liability under section 1983 . . . 'only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [subordinates] come into contact.'" Ting v. United States, 927 F.2d 1504, 1512 (9th Cir. 1991) (citation omitted)). A pattern of similar violations is ordinarily necessary to show that

the defendant was on notice regarding the need for training or supervision.  Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014); Davis v. City of Ellensburg, 869 F.2d 1230, 1235 (9th Cir. 1989) (same standard for inadequate training applies to inadequate supervision).